# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VANESSA LAQUA TELFORD,

               Plaintiff,

v.

AURORA SINAI MEDICAL CENTER and PUBLIC SAFETY,

               Defendants.

Case No. 22-CV-929-JPS

**ORDER**

On August 12, 2022, Plaintiff Vanessa Laqua Telford ("Plaintiff"), proceeding pro se, filed this action and a motion for appointment of counsel. ECF Nos. 1 and 3. On September 7, 2022, the Court granted Plaintiff's motion for leave to proceed in forma pauperis, and further granted her leave to amend her complaint to address the shortcomings in her original complaint. ECF No. 9. Plaintiff filed an amended complaint on September 26, 2022. ECF No. 10.

This Order screens Plaintiff's amended complaint and finds that it fails to state a claim. As a result, the amended complaint and Plaintiff's action will be dismissed with prejudice.

**1.    SCREENING STANDARD**

A court may screen a pro se complaint prior to service on defendants to determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims on which relief can be granted. *See Richards v. HSBC Tech. & Servs. USA, Inc.*, 303 Fed. App'x 356, 357 (7th Cir. 2008). When a plaintiff requests leave to proceed in forma pauperis, the Court must screen the complaint. *See* 28 U.S.C. § 1915(e)(2). If the court finds

any of the following, then the "court shall dismiss the case": the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.*

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give

pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## 2. ALLEGATIONS IN PLAINTIFF'S AMENDED COMPLAINT

In its September 7, 2002 order, the Court identified two shortcomings in Plaintiff's original complaint: first, it did "not demonstrate[] how Defendant, or any of its employees alleged to have committed the assault, were acting under color of state law" or "in a manner 'fairly attributable to the state'"; and second, it lacked "further detail about what specific actions or behaviors constituted this assault" and "offer[ed] little more than a bare legal conclusion." ECF No. 9 at 5–6. The Court directed Plaintiff that any amended complaint must "provide the Court with enough facts to answers to the following questions: 1) Who violated her constitutional rights?; 2) What did each person do to violate her rights?; 3) How was each person acting on behalf of the state?; 3) Where did each person violate her rights?; and 4) When did each person violate her rights?" *Id.* at 6–7.

Plaintiff's amended complaint specifies that she is seeking monetary damages under 42 U.S.C. § 1983. ECF No. 10 at 4. She lays out additional factual allegations and, in that sense, has complied with the Court's second directive. Specifically, she alleges that "on 2/25/2022[1] Public Safety at

---

[1] Plaintiff's original complaint states the date of the incident as "2/25/2020." ECF No. 1 at 2. Although it is now unclear what date Plaintiff alleges the constitutional violation to have occurred on, this discrepancy is immaterial since Plaintiff's complaint is being dismissed on other grounds. But the Court parenthetically notes that, regardless of whether the alleged incident occurred in 2020 or 2022, Plaintiff is within the three-year statute of limitations to file this action. *See D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (noting that state law determines the applicable statute of limitations in
Page 3 of 7

Aurora Sinai assaulted me and my infant child." *Id.* at 2. She further alleges that when she was undressed in a room at Aurora Sinai Medical Center with her son, Public Safety "[f]orcibly enter[ed] [her] private room[,] violently attacking us." *Id.* She states Public Safety took her down "in a wrestling move while pulling [her] son by the limbs." *Id.* She alleges this left both her and her son in extreme discomfort. *Id.* She states she was two months pregnant at the time of the alleged assault, which caused her pregnancy to be "high risk" and caused her "constant hip and back pain." *Id.* Because the action will be dismissed on another ground, the Court takes no position on whether these allegations sufficiently state a claim for relief under § 1983 (for example, an excessive force claim under the Fourth Amendment or a substantive due process claim).

Plaintiff's amended complaint appears to modify the names of the Defendants, *id.* at 1, however, this is not enough to cure the problem the Court previously identified, and accordingly her case will be dismissed. Her original complaint, as docketed, listed as the sole defendant "Aurora Sinai Medical Center Public Safety." ECF No. 1 at 1. Her amended complaint lists "Public Safety" and "Aurora Sinai Medical Center," on separate lines and in that order, as Defendants. ECF No. 10 at 1. The Clerk of Court, in docketing the amended complaint, has now listed these Defendants as two separate entities, with the original Defendant ("Aurora Sinai Medical Center Public Safety" as a single entity) listed as a "terminated" party.

---

§ 1983 litigation, and the applicable Wisconsin statute, Wis. Stat. § 893.53, provides for a three-year limitation period).

The Court can only guess at why Plaintiff listed these Defendants on separate lines and whether she intended this change to have legal significance. These changes are essentially cosmetic, and do not address what the Court identified as the second shortcoming in Plaintiff's original complaint: the failure to specify how these Defendants were acting under color of state law. While "act[ing] 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State[,]" a plaintiff must still demonstrate that the named defendant "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). "The plaintiff must identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is 'fairly attributable to the state.'" *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

As the Court previously noted, "Defendant appears to be a private hospital." ECF No. 9 at 6. Changing how the parties are listed on the amended complaint, without more, does not cure this deficiency. Nor does emphasizing that a "Public Safety" employee or employees committed the alleged assault. ECF No. 10 at 2. Plaintiff has not explained how an employee or employees on the "Public Safety" team were acting in a way that is "fairly attributable to" the state or local government. Plaintiff has not clearly alleged that the Public Safety team were, for example, officers of a local police department, or providing security services to any entity outside Aurora Sinai Medical Center. This leaves the Court to conclude that the "Public Safety" employee or employees who allegedly assaulted Plaintiff was or were, in fact, employed only by and providing security services only to Aurora Sinai Medical Center. The mere term "*Public* Safety" in an

employee's job title does not establish that the person is in fact acting as a state or local officer.[2]

Accordingly, Plaintiff's amended complaint must be dismissed. Alleging that the defendants are acting under color of law is an "essential element" of a § 1983 claim. *L.P.*, 852 F.3d at 697. When a plaintiff fails to allege state action, dismissal for failure to state a claim is proper. *See id.* The Court will dismiss her complaint and this action with prejudice. *See Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987) ("A ruling that a party has failed to state a claim on which relief can be granted is a decision on the merits[.]"). Though Plaintiff may not proceed on this claim in a federal forum, the Court's ruling does not take a position on whether she has stated any claim under state law, nor does it preclude her from bringing these allegations in state court. *See Mimo-Lannoy v. Froedtert S., Inc.*, No. 19-C-1087, 2020 WL 2542817, at *3 (E.D. Wis. May 18, 2020) (finding that district judge's dismissal with prejudice of federal discrimination claims operated as a dismissal for lack of subject matter jurisdiction, i.e. a dismissal *without* prejudice, of state-law claims arising from the same transaction).

---

[2] Although Plaintiff makes no such argument, alleging that Aurora Sinai Medical Center receives state funds or provides medical services to the public would also not suffice to demonstrate its employees were acting under color of state law when they allegedly assaulted her. The Seventh Circuit has explained that a private entity or its employees may be acting under color of state law where the state "order[s] or encourage[s]" or contributes to the challenged action by the private entity, the private entity is performing a public function, or there is a "symbiotic relationship" between the private entity and the state, *and* the plaintiff can show a "sufficient nexus" between the alleged state action and the committed deprivation. *L.P.*, 852 F.3d at 694–96 (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 840–43 (1982)); *see also Wudtke v. Davel*, 128 F.3d 1057, 1064 (reversing dismissal of a § 1983 claim because plaintiff had shown state action by alleging a supervisor "explicit[ly] invo[ked] his state-granted powers . . . by threaten[ing] to take adverse employment actions against her").

### 3. CONCLUSION

For the reasons stated herein, Plaintiff's amended complaint and this action are dismissed for failure to state a claim. Accordingly, Plaintiff's motion for appointment of counsel, ECF No. 3, is denied as moot.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 3, be and the same is hereby **DENIED as moot**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.